In re Paul D. THRUSH and Eleanor A. Thrush, his wife, Debtors.

CCNB, N.A., Plaintiff,

v.

Paul D. THRUSH and Eleanor A. Thrush, his wife, Defendants.

Bankruptcy No. 1–82–00212.
Adv. No. 1–82–0315.

United States Bankruptcy Court,
M.D. Pennsylvania.

June 30, 1983.

Stone, Sajer & Stewart, Richard W. Stewart, New Cumberland, Pa., for plaintiff.

Edward W. Harker, Carlisle, Pa., Trustee.

Michael C. Fox, Harrisburg, Pa., for defendants.

## MEMORANDUM DENYING MOTION

ROBERT J. WOODSIDE, Bankruptcy Judge.

The plaintiff filed a "Motion to Vacate and/or Reconsider Judgment." The judgment in question is our Order of March 10, 1983, (March Order) wherein we denied the plaintiff relief from the automatic stay. The March Order culminated adversary proceeding No. 1–82–0315 which was filed on May 12, 1982.

At the time we rendered the March Order, the parties had failed to update the Court with respect to developments in the overall bankruptcy proceeding. On October 29, 1982, the case had been converted from a Chapter 13 to a Chapter 7 pursuant to 11 U.S.C. § 1307. Moreover, a trustee was appointed and a new 341 meeting was held on December 2, 1982. Subsequent to our March Order, we discharged the debtors on March 16, 1983, under section 727 of the Bankruptcy Code.

In retrospect, our denial of relief from the automatic stay against the debtors was appropriate, but lacked significance. The March Order was insignificant because six days later the debtors were discharged. Under section 362(c)(2)(C) the stay is lifted by operation of law with respect to the debtors when a discharge is granted. Section 362(c) provides as follows:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; and

(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under Chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(c) (1978). Although the stay discontinued with respect to the debtors at their discharge, the property of the estate continued to be protected by the automatic stay under section 362(c)(1).

Because the case originated as a Chapter 13 proceeding with the debtors standing in the shoes of the trustee as debtors-in-possession, no trustee was joined as an indispensable party in the plaintiff's complaint. After the conversion to Chapter 7, the property of the estate came under the purview of a trustee, an entity, separate and distinct from the debtors.

However, we also note from our perusal of the docket in this case that the trustee had filed a report of no distribution on March 10, 1983, the same day as our March Order. A report of no distribution means that no assets would remain, in the trustee's judgment, for unsecured creditors due to the interests of secured creditors or the debtors' exemptions.

Nevertheless, all the debtors' property remains in the estate until that property is administered or abandoned by the trustee. *See generally,* 11 U.S.C. § 554 (1978). Although it is unlikely that the trustee will administer property claimed by secured creditors, that property is not deemed to be abandoned until the close of the case. *See* 11 U.S.C. § 554(c) (1978).

At this juncture of the debtors' Chapter 7 proceeding, if the plaintiff still wants to foreclose on the secured property, the proper procedure is to pursue the trustee's abandonment of the property. *See In re Medley,* 29 B.R. 84, 10 Colliers Bankr.Cas.2d (MB) 548 (Bkrtcy.M.D.Tenn.1983). Otherwise, the plaintiff must await the close of this Chapter 7 proceeding at which time the property will be deemed abandoned.

Therefore, we conclude that it is unnecessary for us to vacate our March Order, because the automatic stay subsequently discontinued by operation of law with respect to the debtors. We further conclude that no reconsideration on the issue of adequate protection would be appropriate because that issue is also moot. Accordingly, we will enter an appropriate order.