In re Daniel Duane
STRELSKY, Debtor.

ALEXANDRIA KNOLLS WEST CON-
DOMINIUM HOMES COUNCIL OF
CO–OWNERS, Plaintiff,

v.

Daniel Duane STRELSKY, Defendant.

Bankruptcy No. 83–00282–A.
Adv. No. 83–0415–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 8, 1985.

Bruce A. McKechnie, Law Office of Ronald L. Walutes, Annandale, Va., for debtor.

John E. Coffey, Thomas & Fiske, P.C., Alexandria, Va., for plaintiff.

Robert O. Tyler, Alexandria, Va., Trustee in Bankruptcy.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

This matter arises upon the application of Daniel Duane Strelsky, debtor herein, to remove certain state court proceedings to this Court under Rule 9027(a) of the Rules of Bankruptcy Procedure.[1]

Debtor filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978 ("the Code"), 11 U.S.C. § 101 *et seq*, on March 9, 1983. Debtor's petition indicated total debts in the amount of $633,410.36 and total assets in the amount of $106,-210.65. Debtor received his discharge pursuant to section 727(a) of the Code on June 21, 1983. The Trustee in Bankruptcy ("Trustee") filed a no-asset report indicating that no property had been received nor any monies paid in the case. The estate was closed by order of this Court entered August 12, 1983.

Prior to the closing of the estate, the Alexandria Knolls West Condominium Council of Co-Owners ("the Council") filed a complaint for relief from the automatic stay imposed under section 362(a) of the Code. The Council which held a claim secured by debtor's residence, a condominium unit, filed a complaint for relief from the stay on April 15, 1983 in order to foreclose on the property. The Court entered a Stipulation of Facts submitted by the parties pursuant to the filing of the Council's complaint on June 15, 1983. In the stipulation, the parties agreed that the value of the condominium unit was $101,000.00. Addi-tionally, by executing the stipulation, the parties agreed that the deeds of trust and other encumbrances on the property were in the amount of $177,709.54. After a hearing, this Court entered an order granting the Council relief from the stay on June 28, 1983. Subsequent to being granted relief from the automatic stay, the Council filed a Warrant in Debt in the General District Court of the City of Alexandria, Virginia upon a claim of non-payment of a debt in the sum of $1,759.22. The debt constitutes non-payment of post-petition condominium assessments. The Alexandria General District Court entered judgment against debtor on September 20, 1983 in the amount which the Council requested. On that same date, this Court reopened the instant bankruptcy case pursuant to debtor's motion.

In addition to his motion to reopen the case, debtor also filed an application for removal of the state court proceedings to this Court. This application for removal was filed on September 6, 1983, two weeks prior to the date on which the state court ruled in favor of the Council. More importantly, however, the application for removal was filed two weeks before the bankruptcy case was reopened by order of this Court. Thus, at the time debtor filed his application for removal, the debtor's case was closed, and additionally, there were no pending adversary cases before this Court. Despite the above procedural confusion, a pre-trial conference was held on debtor's application for removal before this Court. After hearing argument by counsel, the Court indicated it wanted to review the matter.

Debtor puts forth the same argument in both his motion to reopen the case and his application for removal. Debtor argues that with the filing of the Chapter 7 peti-

---

1. Rule 9027 of the Rules of Bankruptcy Procedure implements the right to removal contained in 28 U.S.C. § 1478. Section 1478 was repealed by the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 113, Title I (1984). The successor statute to section 1478 is 28 U.S.C. § 1452 which provides for removal to a district court rather than to a bankruptcy court. The effective date of § 1452 was the date of enactment of the 1984 Act, July 10, 1984, subsequent to the actions in the instant case. Pub.L. No. 98–353, § 122(a), Title I (1984).

tion, debtor's property, including the condominium unit, became property of the bankruptcy estate and the "true owner" of the property was the Trustee rather than the debtor. Furthermore, debtor alleges that the Trustee was not made a party defendant to the suit filed in the state court and must be made a proper party defendant. Debtor concludes by maintaining that because the Trustee is a necessary party proper jurisdiction over this matter lies with this Court rather than with the state court.

The Council characterizes debtor's application for removal as a motion to vacate a judgment rendered by the state court. As a practical matter, the Council is correct. Although the application for removal was filed on September 6, 1983, debtor's case had been closed and was not reopened until two weeks later. The state court entered judgment against the debtor on the condominium assessments on the same day that debtor's motion to reopen the bankruptcy case was filed and that the order was entered reopening the case.

Initially, the Council argues that this Court does not have jurisdiction over this particular cause of action. The Council's primary reason for this argument is that the condominium unit is no longer property of the estate because the trustee abandoned the property. The Council cites section 554 of the Code to support its position that scheduled property which is not administered before a case is closed is deemed abandoned. Additionally, the Council indicates to the Court that the case had been closed and that the debtor had received his discharge. The Council further argues that the Trustee is not a necessary party because he has no interest in the condominium unit.

Generally, a bankruptcy court was not required to rule on a debtor's application for removal. R.Bankr.P. 9027. Under Rule 9027, removal of a claim or cause of action was effected upon the filing of a copy of the removal application with the clerk of the court from which the proceeding was to be removed. R.Bankr.P.

9027(d). A bankruptcy court could then bring before it all the proper parties and proceed with the merits of the case which had been removed. R.Bankr.P. 9027(f). In this case, however, debtor's case was closed when the application for removal was filed. The state court proceeded to render a judgment against debtor prior to the reopening of the case. As the following discussion will indicate, the state court decision is proper, and this case will be remanded to that court and, accordingly, that state court judgment will remain in full force and effect.

The underlying issue in the case *sub judice* is the determination of upon whom the liability falls for post-petition condominium assessments. The state court determined that the liability must fall on the debtor. The state court's decision appears sound and this Court has ruled in kind on at least one other occasion. This Court considered the equities of a situation similar to the instant case in *In re Michael and Tina Katsikas*, Case No. 82–00307–A. The *Katsikas* matter also involved a determination of liability for post-petition condominium fees. In that case, the Court ruled that because the debtors continued to receive the benefits of living in the condominium, the debtors should be liable for the condominium fees.

This Court previously has recognized that a debtor's residence which is not exempted in the original homestead deed is an asset of the debtor's estate until such time as that property is abandoned by the Trustee in Bankruptcy. *In re Sutton*, 10 B.R. 737, 739 (Bankr.E.D.Va.1981). The Trustee may relieve a debtor's estate from burdensome property or from property which is of inconsequential value by abandoning the property under section 554 of the Code. *See* 11 U.S.C. § 554.

Such property also may be abandoned without the Trustee taking any action. 11 U.S.C. § 554(c). Subsection (c) of the abandonment section provides that any property listed in a debtor's schedules which is not administered prior to the closing of the case is "deemed abandoned."

*Id.* Additionally, the property which is abandoned by the Trustee under section 554(c) is deemed abandoned to the debtor. H.R.Rep. No. 595, 95th Cong., 1st Sess. 377 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 *reprinted in* Bkr-L Ed, LEGISLATIVE HISTORY § 82:17, 389 (1979); *see In re Thrush*, 31 B.R. 106, 107 (Bankr. M.D.Pa.1983); *In re Medley*, 29 B.R. 84, 86–87 (Bankr.M.D.Tenn.1983). Thus, such an abandonment would not deprive this Court of jurisdiction due to the fact that the property is property of the debtor.

■ There is no doubt but that the property in the instant case was listed in debtor's Schedule A–2 and Schedule B–1. Those schedules listed a market value for the property of $88,000.00 and indicated deeds of trust and other encumbrances against the property in the amount of $177,709.54. Additionally, the Trustee's no-asset report filed in this case indicated that no property was administered. Finally, this Court entered an order closing the case on August 12, 1983. Thus, under section 554(c) the property was abandoned by the Trustee to the debtor. Under the ruling of *Katsikas*, both law and equity require the liability for the post-petition condominium assessments to fall on the debtor.

■ The above discussion also indicates that the Trustee is no longer a party in interest as far as this property is concerned. The state court's decision in this matter is sound. For the foregoing reasons, this Court is in agreement with the state court judgment finding in favor of the Alexandria Knolls West Condominium Council of Co-Owners assessing the amount of $1,759.22 against debtors. For the reasons set forth above, the judgment of the state court should be left to stand and, therefore, the matter removed will be remanded to the state court. *See Matter of Wild Oaks Utils., Inc.*, 18 B.R. 959, 964 (Bankr.S.D.N.Y.1982).

An appropriate Order will enter.