COFFIN, Circuit Judge.
 

 This appeal challenges both the capacity of the district court to issue, and its discretion in issuing, preliminary relief in a suit brought against Dataware Products, Inc. (DPI), a successor corporation to Dataware Sources, Inc. (DSI), a company involved in Chapter VII bankruptcy proceedings.
 

 The case arose from the following circumstances. In late 1982, DSI became a nonexclusive distributor of computer hardware and software products for Unisys Corporation (Unisys), successor to the Burroughs Corporation. DSI is a Massachusetts corporation. As difficulties accumulated, together with increasing indebtedness on the part of DSI to Unisys, the distributorship was terminated in July of 1984. Immediately thereafter, according to the allegations of the complaint, DSI, its President Cunningham and its Treasurer Vahey engaged in a conspiracy to defraud Unisys by liquidating the assets of DSI and transferring them at sacrifice prices to customers or its successor corporation. A lease and a line of credit in the name of DSI was transferred to DPI. DPI received and obtained payments of receivables owed to DSI. DPI reported to customers that it was an authorized distributor of Unisys. In September, 1984, the successor corporation, DPI, was formed with Cunningham the sole stockholder. Suit was brought by Unisys against DSI in Michigan in 1985. In March, 1986, judgment was obtained. In May, 1987, on the day when Cunningham was to be deposed in connection with attempts to enforce the Michigan judgment, DSI filed a petition in bankruptcy under Chapter VII.
 

 The present suit by Unisys against the successor corporation, DPI, was brought in October of 1987. The theories of the suit are the following: In count I, Unisys sought a declaratory judgment that DPI is the alter ego of DSI and liable to Unisys on the latter’s judgment against DSI. Count II alleged fraudulent conveyance and a conspiracy to defraud by means of transfer
 
 *313
 
 ring DSI assets to DPI and others while insolvent. Count III invoked Mass.Gen.L. c. 93A sanctions for DSPs alleged deceptive acts. Count IV alleged unfair competition in the making of false representations that DPI was an authorized distributor of Uni-sys.
 

 In November, 1987, a hearing was held before the district court and evidence taken on Unisys’s motion for preliminary relief. The court found that there was “a spectre of fraud” in the circumstances surrounding the founding of DPI and that “[o]ne may draw an inference that the second corporation was created for the purpose of defrauding the plaintiff Unisys.” It also concluded that Unisys would probably be able to establish the personal liability of Cunningham. Finding it likely that Unisys could establish a fraudulent scheme with significant participation by Cunningham, the court granted Unisys’s request for an attachment of Cunningham’s property. The court reasoned as follows:
 

 Unisys may recover a sum in excess of $600,000 plus attorney’s fees (perhaps much more). The property sought to be attached is located in Westwood, Massachusetts, and was bought about ten years ago for a sum in the vicinity of $100,000. It has, no doubt, appreciated in value, but it is also encumbered (to the extent of $270,000). DPI’s assets are insufficient to satisfy a potential judgment here (being worth something in the vicinity of $400,000); hence, they would be insufficient to satisfy a potential judgment. Mr. Cunningham’s interest in the Westwood property should be available to satisfy at least a portion of the remainder of the judgment.
 

 The court thereupon issued a “Memorandum and Order on Application for Preliminary Injunctive Relief and for an Attachment.” It granted preliminary relief (1) enjoining DPI and its two officers, Cunningham and Vahey, from transferring any assets or stock other than in the ordinary course of business; (2) requiring DPI to file an audited balance sheet with the clerk of the court, and subsequently an accounting of corporate transactions every ninety days; (3) ordering a writ of attachment to issue on real estate of Cunningham; and (4) enjoining DPI and Cunningham from representing themselves as being affiliated with Unisys.
 

 On January 26, 1988, subsequent to the proceedings below, the trustee in bankruptcy of DSI filed a notice of intention to abandon property “of inconsequential value to the estate.” The property was described as including a few items of furniture, nine computers and supplies, trade accounts receivable of DSI and any claims of DSI against DPI, Cunningham or Vahey “arising out of the facts as alleged in a suit by Unisys Corporation against DPI, Cunningham and Vahey.” Objections later to be more particularly noted were filed by DSI and overruled by the bankruptcy judge on March 4, 1988.
 

 The first issue is whether the district court had jurisdiction to entertain Unisys’s request for preliminary relief. DSI contends that the automatic stay provision of the bankruptcy code, 11 U.S.C. § 362(a)(3), deprives the district court of subject matter jurisdiction under counts I and II. This section states that a petition in bankruptcy operates as a stay of “(3) any act to obtain possession of property of the estate or property from the estate....” It cites
 
 In Re Mortgageamerica,
 
 714 F.2d 1266 (5th Cir.1983). In that case, the plaintiff obtained a judgment against Mortgage America in state court and shortly thereafter filed another suit against the controlling officer, alleging that he deliberately stripped the company of assets. Almost immediately the company went into bankruptcy. The court ultimately held that the automatic stay of § 362 prevented the plaintiff from pursuing the company’s officer since the causes of action were property of the company’s estate. As the court elaborated, the automatic stay gives the debtor a “breathing spell from his creditors” and forestalls a “race of diligence by creditors for the debtor’s assets.”
 
 Id.
 
 at 1274 (quotations and citations omitted). Moreover, “the ‘strong arm’ provision of the current Code, 11 U.S.C. § 544, allows the bankruptcy trustee to step into the
 
 *314
 
 shoes of a creditor for the purpose of asserting causes of action under state fraudulent conveyance acts for the benefit of all creditors, not just those who win a race to judgment.”
 
 Id.
 
 at 1275.
 

 We find
 
 Mortgageamerica
 
 inapposite. The property sought to be recovered by the plaintiff in the instant case was present assets of DPI; there was no suggestion that substantial physical assets from DSI of any value remained. More importantly, Unisys was the only creditor (the only other possible claimant being a former stockholder of DSI), and the trustee for the DSI estate in bankruptcy had specifically obtained permission to abandon any causes of action that DSI might have had against DPI or Cunningham. In fact, DSI, upon filing an objection to the trustee’s intended actions of abandonment in the bankruptcy court, acknowledged that “the trustee is the proper party plaintiff and the only party plaintiff to pursue claims of the debtor against its officers and directors and third parties for alleged fraudulent conveyence, breach of fiduciary duty, and other causes of action.” One can hardly imagine Cunningham asserting a right on behalf of the debtor, DSI, to sue himself and his corporation for a fraud he helped perpetrate.
 

 In the particular circumstances of this case, we find anomalous DSI’s argument that, even though the only person or entity, other than Unisys, able to assert a right of action against DPI and Cunningham for defrauding DSI — the trustee — has now given up that right, the right nevertheless reverts to the debtor. Collier states, “[Abandonment constitutes a divesture of all interests in property that were property of the estate. Although section 554 does not specify to whom property is abandoned, property may be abandoned to any party with a possessory interest in it [citation to House and Senate
 
 Reports]...”
 
 4
 
 Collier on Bankruptcy
 
 II 554.02[2] (L. King ed. 1988). It is clear to us that the right of action to sue DPI and its principal officers, once abandonment by the trustee took place, reposed in Unisys free of any stay.
 

 We therefore hold that the district court properly took jurisdiction of this matter.
 

 This brings us to the merits of the decision of the district court in granting preliminary relief. Unisys argues that the relief given below was merely that of equitable attachment, and that the requirements of Fed.R.Civ.P. 65 of a showing of irreparable injury and favorable balance of harms was not necessary. Unisys relies on
 
 Anderson Foreign Motors v. New England Toyota,
 
 475 F.Supp. 973, 979 (D.Mass.1979). However, it seems to us that the present case falls more in the mold of
 
 Teradyne, Inc. v. Mostek Corp.,
 
 797 F.2d 43 (1st Cir.1986), in which we sustained a preliminary injunction restraining the transfer of assets in order to protect the damages remedy. We think that the order was treated by the district court as including injunctive relief, and that the combined requirements of filing an audited balance sheet, submitting reports of financial transactions, and confining stock transfers to the ordinary course of business were more than “minimally coercive,”
 
 id.
 
 at 46, and thus as in
 
 Teradyne,
 
 amounted to an injunction.
 

 Nevertheless, even applying the requirements of
 
 Planned Parenthood League v. Bellotti,
 
 641 F.2d 1006, 1009 (1st Cir.1981), we think the necessary requirements have been met. As to the pronouncements of the district court on the likelihood of success of the claims of Uni-sys concerning conspiracy and fraud, we have reviewed the record, and cannot say that the district court committed either an abuse of discretion or an error of law. Even though the district court made no finding
 
 in haec verba
 
 regarding the irreparable harm that Unisys would suffer absent relief, we think the record amply indicates, in the portion of the court’s opinion that we have quoted, that the measures taken were necessary to assure the presence of an adequate legal remedy.
 
 See Mesa Petroleum Co. v. Cities Service Co.,
 
 715 F.2d 1425, 1434 n. 15 (10th Cir.1983). By the same token, we feel that our own case of
 
 Teradyne, Inc. v. Mostek Corp., supra,
 
 supports the court’s action; there has been a sufficient showing of irreparable harm to Unisys as well as a balance of
 
 *315
 
 harms in favor of Unisys.
 
 See
 
 797 F.2d 52, 54.
 

 In short, we hold that the district court did not abuse its discretion in granting preliminary relief.
 

 Affirmed.