BOARD OF DIRECTORS OF the CHEST-
NUT GROVE CONDOMINIUM UNIT
OWNERS' ASSOCIATION, Plaintiff,

v.

RESOLUTION TRUST CORPORATION,
Receiver for Trustbank Savings, F.S.B.
and Receiver for Trustbank Federal Sav-
ings Bank, Defendant.

Civ. A. No. 94–1016.

United States District Court,
District of Columbia.

Oct. 14, 1994.

William O. Snead, III, Fairfax, VA, for
plaintiff.

Bravitt Cola Manley, Jr., Washington, DC,
for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Before the Court is defendant's motion to
dismiss pursuant to Federal Rule of Civil
Procedure 12(b). After consideration of the
motion, the opposition and reply thereto, and
the entire record in this case, the Court
grants defendant's motion and dismisses the
case.

The facts underlying this action were fully
briefed in an earlier opinion that dismissed
the first incarnation of this case, Civil Action
No. 92–2589.[1]  *See Chestnut Grove Condo-
minium Unit Owners v. Resolution Trust*

---

1.  Plaintiff chose not to appeal our decision.

*Corporation,* 161 B.R. 860 (D.D.C.1993) (*"Chestnut I "*). To summarize, plaintiff represents individual unit owners of a Virginia condominium complex who assert that the developer breached express and implied warranties by failing to repair building defects. Plaintiff obtained a Virginia state court judgment against the developer in the amount of $3,914,979. As the developer lacked the assets to satisfy the judgment, plaintiff then pursued the developer's general partner, TB Capital, which had filed for bankruptcy in the Eastern District of Virginia. Bankruptcy Case 91–14255–T. TB Capital was the subsidiary of a bank now under receivership with defendant Resolution Trust Corporation. In an apparent attempt to avoid the automatic bankruptcy stay, plaintiff filed suit in the District of Columbia against the Resolution Trust Corporation on the theory that the defunct bank was the alter ego of TB Capital.

We concluded that under Virginia law an alter ego claim is the property of the corporation which has an equitable interest in the assets of an alter ego. *Chestnut I,* 161 B.R. at 862 (*citing Steyr–Daimler–Puch of America Corp. v. Pappas,* 852 F.2d 132, 135–36 (4th Cir.1988)). Consequently, the alter ego claim after bankruptcy belonged to TB Capital whose trustee could prosecute it for the good of all creditors. *Chestnut I,* 161 B.R. at 862; *see also Wharton v. Commonwealth of Virginia,* 1992 WL 88181, *2 (W.D.Va.1992), *aff'd,* 993 F.2d 1541 (4th Cir.1993).

The Court also held that plaintiff did not acquire the alter ego cause of action by default simply because the trustee had not exercised the right of action. The right can only be claimed by creditors if the claim was abandoned. Abandonment can occur in one of two ways: after a judicial determination that the claim has been abandoned; or, in the absence of a hearing, if the claim has been scheduled and "not otherwise adminis-

tered at the time the case is closed." *Chestnut I,* 161 B.R. at 863, n. 14 (*citing Stanley v. Sherman–Williams Co.,* 156 B.R. 25, 26 (W.D.Va.1993)).

At the time the Court dismissed *Chestnut I,* the bankruptcy case in Virginia was still open. Plaintiff, however, refused all requests by the Bankruptcy Court to file a proof of its claim against the assets of TB Capital as required by the Bankruptcy Rules. Plaintiff agrees that the debtor never scheduled an alter ego claim amongst its assets. Plaintiff never requested a hearing to determine whether the claim was abandoned or to seek to compel the trustee to abandon it.[2] Instead, plaintiff allowed the bankruptcy case to close on December 17, 1993 without any attempt to adjudicate the validity of its claim to the alter ego cause of action.[3] Plaintiff's Opposition, p. 8. Despite this, plaintiff maintains that it can now sue defendant in the District of Columbia because the alter ego claim was abandoned when the trustee failed to assert it while the case was open. The law is to the contrary.

■ The Bankruptcy Code specifically limits the situations under which assets of the estate may be abandoned. 11 U.S.C. § 554. Section 554(c) governs the abandonment of property when, as here, there has been no hearing. It reads as follows:

> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.[4]

Plaintiff argues that the § 554(c) requirement that the property be scheduled applies only to property abandoned to the debtor, and is inapplicable here because plaintiff seeks abandonment to a creditor. As an initial matter, § 554(c) does not provide any mechanism by which a cause of action which

---

2. *See* 11 U.S.C. § 554(a) and (b).

3. *See Dallas Cabana, Inc. v. Hyatt Corp.,* 441 F.2d 865, 868 (5th Cir.1971) ("The remedy of the [debtor] is to petition the bankruptcy court to compel the trustee to bring suit or to authorize the bankrupt to sue"). This applies to the debtor and to anyone else pursuing a claim. *Teltronics Services, Inc. v. Anaconda–Ericsson, Inc.,* 587

F.Supp. 724, 729 (E.D.N.Y.1984), *aff'd,* 762 F.2d 185 (2d Cir.1985), cited with approval in *Steyr–Daimler–Puch,* 852 F.2d at 136.

4. Under § 554(d), all property of the estate that has not been abandoned under the provisions of § 554 remain property of the estate.

is the property of the estate can be directly abandoned to a creditor. *See In re Strelsky,* 46 B.R. 178, 181 (Bankr.E.D.Va.1985) (property abandoned under § 554(c) returns to debtor); 4 *Collier on Bankruptcy,* ¶ 554.02[2] (property may be abandoned to any party with a possessory interest, except that property abandoned under § 554(c) is deemed abandoned to the debtor).

In addition, plaintiff cites no authority for the proposition that § 554(c) treats constructive abandonment differently when a creditor, rather than the debtor, seeks to pursue claims that the trustee either was not aware of or chose not to prosecute. Although the caselaw on this question is sparse, several cases involving creditors have indicated in dicta that the same scheduling requirement applies. *See e.g. In re Zobenica,* 109 B.R. 814, 818–19 (Bankr.W.D.Tenn.1990) (abandonment occurs when case is closed and trustee has not administered scheduled assets); *Strelsky,* 46 B.R. at 180 (property must be listed on debtor's schedules before it can be abandoned after closure).

■■■ It is not apparent that the trustee was even aware of the alter ego claim.[5] As the claim was not scheduled, the trustee may well have not recognized it or its potential value. Assets which are not scheduled remain part of the estate to avoid this risk. *Id.* The Court concludes that the alter ego claim remains an asset of the estate and was not abandoned when the case closed.

Plaintiff's interpretation of § 554(c) would provide an incentive for creditors to maximize their potential recovery by concealing knowledge of undisclosed property in the hope that the trustee will not learn of its existence before the case is closed.[6] This is particularly true regarding possible grounds for litigation which might not be readily apparent from a review of the bankrupt's records. Plaintiff's interpretation would frustrate the goal of maximizing the value of the estate for all creditors. It would also unnecessarily encourage a multiplicity of law suits outside the bankruptcy court most familiar with the debtor and the estate.

■■ The Court does not believe the holding in *In re Chabot,* 100 B.R. 18, 23 (Bankr. C.D.Cal.1989), is to the contrary. We take this holding to be that once the property has been abandoned other than through operation of § 554(c), it reposes in whomever can assert a possessory interest in it through operation of state law. *Id. (citing Unisys Corp. v. Dataware Products, Inc.,* 848 F.2d 311, 314 (1st Cir.1988)). Although not explicitly so stated, it appears to the Court that *Unisys* does not discuss abandonment in the context of § 554(c). The bankruptcy trustee in *Unisys* apparently gave notice of an intent to abandon the causes of action at issue. Objections to the decision to abandon were filed and overruled by the bankruptcy judge. *Id.* at 313. This indicates that abandonment occurred through operation of a provision other than § 554(c). As noted previously, property abandoned through operation of § 554(c) reverts to the debtor, unlike property abandoned after a judicial hearing, which may be abandoned to any party with a possessory interest.[7] 4 *Collier on Bankruptcy,* ¶ 554.02[2]. As *Unisys* was the only case cited in *Chabot* on this issue, we conclude that *Chabot* also did not address § 554(c). To the extent, if any, that the *Chabot* holding applies to § 554(c), we do not believe it accurately reflects the bankruptcy law as administered in Virginia.

We conclude that plaintiff does not acquire the alter ego cause of action when debtor failed to schedule it as an asset and when the trustee did not consider whether to pursue it. The alter ego claim was not abandoned and remains a part of the estate, thereby depriving plaintiff of standing to pursue this cause

---

5. Even if the trustee was aware of the alter ego claim from other sources, this does not eliminate the requirement that the asset be scheduled. *Stanley,* 156 B.R. at 26–27.

6. Obviously, this concern would not apply to abandonment after a judicial hearing through § 554(a) and (b).

7. It bears noting that the *Unisys* court cited the passage in *Collier* dealing with abandonment after a judicial hearing, but ignored the passage relating to § 554(c). 848 F.2d at 314.

of action.[8]  As a result, the Court must dismiss this action.

---

**8.** Because we conclude that plaintiff lacks standing, we do not consider the additional grounds for dismissal argued by defendant.