**In re Douglas Wayne HORTON and Cody Susan Horton, Debtors.**

**Douglas Wayne HORTON and Cody Susan Horton, Plaintiffs,**

v.

**BEAUMONT PLACE HOMEOWNERS ASSOCIATION, INC., Respondent.**

**Bankruptcy No. 86 B 2201 J.**

United States Bankruptcy Court, D. Colorado.

April 3, 1987.

---

**2.** Transcript of Hearing on Barclays' Motion for    Summary Judgment, at pp. 3–4.

Milnor H. Senior, III, Denver, Colo., for debtors.

Curt Todd, Haligman and Lottner, P.C., Englewood, Colo., for Beaumont Place Homeowners Ass'n.

### ORDER ON DEBTORS' MOTION FOR CERTIFICATE OF CONTEMPT AND ON BEAUMONT PLACE HOMEOWNERS ASSOCIATION'S RESPONSE THERETO AND REQUEST FOR ADDITIONAL RELIEF

ROLAND J. BRUMBAUGH,
Bankruptcy Judge.

This matter came before this Court on the Debtors' Motion for Certificate of Contempt, and on Beaumont Place Homeowners Association, Inc.'s ("the Association"), Response and Request for Additional Relief. By their Motion pursuant to 11 U.S.C. § 105(a), the Debtors seek this Court's Certificate that the Association was in contempt for violating the provisions of 11 U.S.C. § 524 and this Court's Discharge Order, for an Order enjoining the Association from taking further action, and requiring the Association to dismiss its state court suit against the Debtors for post-petition homeowners' association assessments. The Association responded by denying that its state court suit violated § 524 and the discharge, and by requesting additional relief in the form of this Court's determination that it may pursue its claims for post-petition homeowners' association assessments against Chapter 7 debtors up until the date such debtors are no longer in title to the unit subject to such assessments.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2); venue is proper in this Court pursuant to 28 U.S.C. § 1409(a). While the relief sought by Debtors' Motion and the Association's request for additional relief are properly the subject of adversary actions under F.R.B.P. 7001, *et seq.*, the Court finds that the motion procedure is a proper means of presenting the proceedings in this case for the reasons set forth in the Association's brief. See also, *In re Stern*, 44 B.R. 15, 16 (Bkrtcy.Mass.1984) (at footnote 3).

The facts were not in dispute. The Debtors filed their voluntary Chapter 7 Petition on March 17, 1986; therefore, the Trustee filed a No Asset Report on June 2, 1986, and the Debtors received their discharge on

August 22, 1986. Subsequently, after the case was closed on October 7, 1986, the Association filed suit in Arapahoe County Court on December 19, 1986, seeking to collect post-petition homeowners' association assessments. The Debtors were served on January 5, 1987 with the Summons and Complaint at the subject property, a townhome located on South Dayton Way in Denver, Colorado. The Debtors answered the Summons and Complaint on January 27, 1987 stating that they had filed bankruptcy, and that the Association's claim was a debt discharged in that bankruptcy case. Thereafter, on March 2, 1987 the Debtors filed their Motion for Certificate of Contempt, and this Court re-opened the Debtors' case on March 13, 1987, *nunc pro tunc* to March 2, 1987. On March 13, 1987 the Association filed its Response and Request for Additional Relief.

At the hearing held on March 27, 1987, the Debtors argued that the assessments sought by the Association in its state court suit were debts discharged under 11 U.S.C. §§ 524 and 727(b). The Debtors argued that the Association was seeking a judgment to determine the personal liabilities of the Debtor contrary to the injunctive provisions of § 524(a) of the Bankruptcy Code. The Association, on the other hand, asserted that the obligation to pay assessments was a personal obligation of the Debtors so long as the Debtors remained in title to the subject unit. Accordingly, the Association asserted that the assessments sought in its state court suit were post-petition debts not subject to discharge in a Chapter 7 case, citing *In re Stern*, 44 B.R. 15 (Bkrtcy.D. Mass.1984); and *In re Strelsky*, 46 B.R. 178 (Bkrtcy.E.D.Va.1985).

■ The Court disagrees with the Debtors' construction of 11 U.S.C. §§ 524 and 727(b). The Bankruptcy Code recognizes the distinction between liability and debts with respect to the discharge provided to debtors under those sections. For example, the legislative history to § 524 states that "Subsection (a) specifies that a discharge in a bankruptcy case voids any judgment to the extent that it is a determination of the personal liability of the debtor

with respect to a *pre-petition debt* ...". H.Rep. No. 95–595, 95th Cong., 1st Sess. 365–6 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 80 (1978), U.S.Code Cong. Admin.News 1978, pp. 5787, 5866, 6321 (emphasis added). Simply stated, the discharge under § 524 extinguishes the *debt*, not the *liability*.

■ In this case, it was undisputed that the Association sought only post-petition assessments by way of its state court action. Under the declarations and covenants, the Association does not have a "right to payment"—and hence, a claim—within the meaning of 11 U.S.C. § 101(4)(A) until each monthly installment is due. Moreover, the declarations and covenants provide that the obligation to pay the assessments is a personal liability of the record owners of the property. It was undisputed that the Debtors were the record owners of the subject property at the time of the hearing. The Debtors took title to the unit with record and actual notice of the Declarations and Covenants; had they wished to escape liability for the post-petition assessments, they could have conveyed the property. Instead, the Debtors chose to remain in title to the subject unit and thereby availed themselves of the benefits of the Association's services.

The benefits of owning property go hand in hand with the burdens arising from ownership. See, *In re Strelsky*, 44 B.R. at 180. The Association seeks only post-petition assessments by its state court action; like a Chapter 7 debtor's liability for post-petition rent, the assessments sought by the Association are post-petition debts which are not discharged by operation of 11 U.S.C. §§ 524 and 727(b).

Based on the foregoing, it is:

ORDERED that the Debtors' Motion for Certificate for Contempt is hereby denied; and it is

FURTHER ORDERED that the Association's request for additional relief is granted in that it may pursue its claims for post-petition homeowners' association assessments against Chapter 7 debtors, including those in the instant case, in a non-bankruptcy forum, up and until the date on

which such debtors are no longer the record owners of the property subject to such assessment, each party to bear its own costs.