**In re Patricia Anne RINK, Debtor–Applicant,**

v.

**The TIMBERS HOMEOWNERS ASSO-CIATION I, INC., and Karrick A. Burrows, Respondents.**

**Bankruptcy No. 86 B 01015 J.**

United States Bankruptcy Court, D. Colorado.

June 5, 1987.

Bryan Nix, Denver, Colo., for debtor-applicant.

Beck and Cassinis, Aurora, Colo., for respondents.

MEMORANDUM DECISION

MERLIN YOUNG, Bankruptcy Judge.

THIS MATTER is before the Court upon the motion of the Debtor/Applicant herein seeking an order restraining Respondents from pursuing their action in the Arapahoe County Court to recover post-petition condominium assessments as a personal obligation of the Debtor. Debtor alleges that the lawsuit in state court is a violation of the Automatic Stay and that she was discharged of her liability on such obligation by reason of the bankruptcy discharge issued on June 16, 1986. In response to this motion, the Timbers Homeowners Association relies upon the decision of the Honorable Roland J. Brumbaugh of this Court holding that post-petition homeowners assessments are not discharged by a bankruptcy proceeding and that the debtor remains personally liable for said assessments as long as title remains in the debtor's name. *In re Horton*, 87 B.R. 650 (Bankr.Colo.1987).

**654**

■■■■ I agree with this decision insofar as it holds that any liability that may be incurred by a debtor for post-petition home-owners assessments is not discharged by the bankruptcy proceeding. But, I do not agree with that part of the opinion which holds that record title to the property establishes the liability of a debtor for post-petition assessments. To so hold ignores the fact that the condominium became an asset of the estate upon the commencement of the case. As such, it is held in trust for the benefit of creditors, and is burdened with the obligations flowing from that trust.

This proceeding has not been closed. The Trustee has made no effort to abandon the condominium as an asset of the estate. As long as it remains an asset, the estate is responsible for any post-petition condominium assessments which arise during administration of the estate. If these assessments are burdensome to the estate, the Trustee should abandon this asset under the provisions of section 554 of the Code. In the *Horton* case, the debtor remained in possession of the condominium post-petition and after the proceeding was closed. She received the benefit of its use and occupancy. In such an instance, I am of the opinion that the Trustee could, during administration, charge the debtor as an occupant rent for the purpose of paying the condominium assessments.

If the Trustee elects to abandon this asset or if the estate is closed without administration of this asset, the property would then revert to the control of the Debtor and she would at that time become obligated for any assessments incurred thereafter, unless she exercises the remedy suggested in the *Horton* case, to wit: the conveyance of the property to the mortgagee.

■■■ Because the assessments in question are post-petition obligations the 362 stay or the discharge injunction is not applicable to bar action for collection of same. Thus, the Homeowners Association cannot be held in contempt of these injunctions.

However, because the Homeowners Association does not have a valid claim against the Debtor as long as the condominium remains an asset of her estate she is entitled to the protection of this Court until the administration of her estate is completed. Thus, I will enter an order restraining further prosecution of the pending action against her for post-petition assessments during the period the property is held by the Trustee for benefit of creditors.

Counsel for Debtor is asked to prepare a formal restraining order consistent with this decision.