### In re Ernestine HARVEY, Debtor.

### Bankruptcy No. 83 B 15654.

United States Bankruptcy Court, N.D. Illinois, E.D.

July 14, 1988.

---

Gregory K. Stern, Chicago, Ill., for debtor.

Mary H. LaMountain, Coakley & Smith, Oak Lawn, Ill., for Concordia Federal Bank for Sav.

Jack McCullough, Chicago, Ill., Chapter 13 trustee.

Marshall N. Dickler, Ltd., Arlington Hts., Ill., for 3950 North Lake Shore Drive Condominium Ass'n.

---

MEMORANDUM OPINION ON DEBTOR'S MOTION FOR RULE TO SHOW CAUSE AND SANCTIONS UNDER 11 U.S.C. § 362(h) AGAINST 3950 NORTH LAKE SHORE DRIVE CONDOMINIUM ASSOCIATION

JACK B. SCHMETTERER, Bankruptcy Judge.

This proceeding arises under Chapter 13 of the Bankruptcy Code. Debtor has moved for Rule to Show Cause and Sanctions under 11 U.S.C. § 362(h) against 3950 North Lake Shore Drive Condominium Association ("Association"). For reasons stated below, that motion is denied.

### Undisputed Relevant Facts

Debtors owns a condominium unit that is within the Association property. Pursuant to state law and the condominium declaration, Debtor is responsible for prompt monthly payment of assessments properly imposed and other charges provided under the declaration. Debtor is also responsible for reasonable and necessary attorneys fees required to collect those or other charges that may be due from Debtor or otherwise enforce rights of the Association. It is not disputed that Debtor has continued in possession of her unit throughout this case until she completed her Chapter 13 Plan and was discharged herein on March 8, 1988, and that she still continues in possession.

Prior to December 21, 1987, this Court held an evidentiary hearing on a motion of the Association to modify the stay under 11 U.S.C. § 362. The matter at issue then involved the charges, fees, and assessments imposed by the Association against Debtor, Debtor's objections thereto, and considerations as to whether amounts found properly due justified modification of stay.

At the conclusion of that hearing, this Court found that amounts properly due the Association totalled $1,652.33, far less than it claimed.

From the evidence and the Court's finding at that time, it was apparent that all such proper charges, fees, and assessments were incurred and imposed post-petition during the pendency of Debtors plan and while she was in possession of the condominium unit.

Because the first mortgage holder had been given stay modification to permit pursuance of its mortgage foreclosure case against the unit in question, this Court modified the stay in favor of the Association on December 21, 1987 to permit it to "... pursue any of its choate and inchoate lien rights which may presently exist, which may appear or arise in the future

with respect to the mortgage foreclosure presently pending in the state court." Thus, the Association was entitled to pursue its lien rights that arose under the Condominium declaration and state law for the $1,652.33 then due, and also all further lien rights that might thereafter accrue by reason of future assessments, charges, and fees.

The Association not only filed a Notice of Lien for the $1,652.33, but also sought leave in state court to file a counterclaim that seeks judgment against Debtor for all assessments and fees due and owing from Debtor as of the date of Judgment in that case, that the amount found due be adjudged a lien on the unit, and for personal deficiency judgment against Debtor for any amount still due the Association following foreclosure sale.

Debtor now contends that the Motion to file that counterclaim, filed as it was in state court on December 28, 1987, willfully violated 11 U.S.C. § 362 by exceeding the terms of modification provided by the Court. Debtor further seeks a Rule to Show Cause against the Association in apprehension that the Association will continue to claim for a personal deficiency judgment even after Debtor received her discharge on March 8, 1988. This raises the question whether Debtor's personal obligations to Association were discharged by the discharge order entered herein, and whether the Association's pursuit of those claims violates the injunctive effects of the discharge order under 11 U.S.C. § 524(a).

Based on the hearing held by this Court last November, it was then clear that all debts then remaining due from Debtor to the Association were post petition debts. Accordingly, whatever debt the Association now seeks[1] is necessarily post petition debt, all pre-petition debt due having been paid to the Association through the Plan.

The issue posed in this context is whether either the automatic stay under 11 U.S.C. § 362 or the injunctive effect of discharge under 11 U.S.C. § 524(a) bars actions to collect from a Chapter 13 debtor those debts related to her home which arose wholly after the Chapter 13 Petition was filed.

■ The stay under 11 U.S.C. § 362(a) only bars efforts to collect or attempt to collect pre-petition claims or acts against property of the estate. All assessments and charges that the Association here seeks to collect from Debtor are those allegedly incurred by her post-petition while she remained in possession of the condominium unit in question and accrued those on-going obligations. Such claims arose after the petition was filed in bankruptcy; the events giving rise to these claims could not have occurred before the petition was filed. Therefore the automatic stay did not bar efforts to collect the same from her, and efforts to do so could not violate 11 U.S.C. § 362. *See Ginsberg on Bankruptcy* § 3003 at fn. 23. In this context, no facts have been alleged that could support a finding of willful violation under § 362(h). *In re Forty–Eight Insulations, Inc.,* 54 B.R. 905, 909 (Bankr.N.D.Ill.1985).

■ Under Section 524(a), the discharge obtained herein by Debtor on March 8, 1988 operated as an injunction to bar collection of any discharged debts. The issue posed is whether the post-petition debts and charges claimed by the Association were discharged or not.

A Chapter 13 discharge generally discharges debts "provided for" by the Plan. The Association was "provided for" under the Plan because old pre-petition arrearages were provided for under the Plan. *Collier on Bankruptcy* (15th Ed.) § 1328.01[2]; *Lawrence Tractor Co. v. Gregory (Matter of Gregory),* 705 F.2d 1118, 8 C.B.C. 2d 605 (9th Cir.1983). However, debts provided for under § 1322(b)(5) are not discharged if covered by § 1328(a)(1). Within the meaning of

---

1. The pleadings and briefs are unclear as to whether the $1,652.33 found due last December was paid or not. The Association's Supplemental Response at p. 2 seems to concede that it was, since it seeks to collect only "debts subsequent to the order entered by this Court...." But given the reasoning for this decision, that fact issue can be resolved in state court and need not be resolved here.

§ 1328(a)(1), Debtor here used her Plan to cure defaults due the Association on an obligation whose last payment was "due after the date under which the final payment under the plan is due," i.e. her obligation to pay proper assessments and charges continued so long as she held the unit.

Thus the post-petition charges and assessments against Debtor were not discharged by her Chapter 13 discharge and the collection of them is not in violation of § 524(a).[2]

## CONCLUSION

The efforts to collect post petition charges prior to the discharge order of March 8, 1988 did not violate 11 U.S.C. § 362. The efforts to collect those post petition charges after March 8, 1988, did not violate § 524(a). Therefore the motion for Sanctions under § 362(h) and for Rule to Show Cause will be entirely denied.

---

**2.** The assessments in questions are arguably "consumer debt" under the Bankruptcy code. 11 U.S.C. § 101(7). To the extent the Association "claimed" such post petition debt in its motion to modify stay, that could well be considered a claim for consumer debt under § 1305(a)(2). If so viewed, such post petition consumer debt would be nondischargeable under § 1328(d) because prior approval of the trustee was practicable though not obtained. If this debt is viewed as post petition nonconsumer debt, it is likewise nondischargeable. *Ginsberg on Bankruptcy*, § 11,851 at fn. 16 and authority cited.