In re Steven G. COHEN; Sheri L. Cohen, Debtors.

Steven G. COHEN; Sheri L. Cohen, Plaintiffs,

v.

NORTH PARK PARKSIDE COMMUNITY ASSOCIATION, Respondent.

No. 88–09853–LM7.

United States Bankruptcy Court, S.D. California.

Jan. 11, 1991.

William J. Howell, San Diego, Cal., for debtors.

---

Jon H. Epsten, Epsten & Grinnell, San Diego, Cal., for North Park.

Ralph O. Boldt, Trustee, Poway, Cal.

## MEMORANDUM DECISION

### LOUISE DeCARL MALUGEN, Bankruptcy Judge.

The matter is before this Court on Steven and Sheri Cohen's motion for order of contempt and to enjoin North Park Parkside Community Association from proceeding on its state court judgment obtained against them post-petition. North Park has made a cross-motion for attorney fees and costs incurred in defending against the debtors' motions.

Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and (b), and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding in which the court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND

Steven and Sheri Cohen ("debtors"), filed their Chapter 7 petition on December 28, 1988. Included in their assets was a condominium for which the debtors did not claim an exemption. At the time debtors filed their petition, the first trust deed holder, First Interstate Mortgage Company ("FIMCO"), had a pending foreclosure action against the condominium.

On January 3, 1989 an interim trustee was appointed. Debtors received a discharge on April 28, 1989. Prior to the discharge, the trustee took no steps to administer the property which clearly had no equity available for the benefit of creditors. Instead, he filed a no-asset report.

FIMCO obtained a relief from stay to foreclose on the property on April 28, 1989. Debtors remained in possession of the condominium until FIMCO foreclosed on September 28, 1989.

When the Cohens originally purchased their condominium on June 17, 1988, they became members of North Park Parkside Community Association (North Park), subjecting themselves to North Park's Declaration of Covenants, Conditions and Restrictions ("CC & R's").[1] North Park levied a homeowner's assessment for all its members on June 1, 1989 for the period of January 1, 1989 to June 1, 1989. When they failed to pay the homeowners assessment, North Park instituted a collection action against the Cohens in San Diego County Municipal Court to collect the bi-annual assessment. They did not respond to the suit and a default judgment was entered on March 30, 1990 for $1,445.06.

North Park scheduled a judgment debtor exam for August 7, 1990. Prior to the examination, the Cohens sought an order of contempt against North Park for violating the discharge injunction provisions of 11 U.S.C. § 524. Debtors contend their discharge relieved them of personal liability for the 1989 homeowner assessments.

North Park opposes the motion for contempt on the grounds that homeowner assessments which are levied post-petition are not subject to 11 U.S.C. § 524. Additionally, North Park seeks the award of reasonable attorney fees expended in opposing the debtors' motion for contempt as sanctions under Bankruptcy Rule 9011.

## ISSUE

This case involves issues of first impression in the Ninth Circuit. The question is whether condominium or homeowner assessments which are levied post-petition

1. North Park's Declaration of Covenants, Conditions and Restrictions provides, in pertinent part:

Declarant, for each condominium owned by it, hereby covenants and agrees to pay, and each owner, by acceptance of a deed of a condominium whether or not it shall be so expressed in any such deed, is deemed to covenant and agree to pay to the association all annual assessments for common expenses and all applicable special assessments ..., except as provided in this Section 5.01, all such assessments, together with interest, costs, and reasonable attorney fees, shall be a separate, distinct and personal obligation of the person who was the owner of the condominium at the time when the assessment fell due.

are subject to the discharge provisions of 11 U.S.C. § 524(a). The courts which have considered this issue have taken divergent positions.[2]

## DISCUSSION

■ North Park contends debtors did not become liable for the assessments until they were levied in June, 1989. This contention is based on California's Civil Code which states an owner becomes liable for regular assessments when levied.[3] However, federal bankruptcy law, rather than California state law, governs when a debt arises for purposes of determining dischargeability.

Relying on cases from other districts, North Park asserts the debtors remain personally liable for the 1989 bi-annual assessment. In *Stern v. Munroe*, 44 B.R. 15 (Bankr.D.Mass.1984), the court allowed the trustees of a condominium association to institute an action during the pendency of a bankruptcy case for the purpose of establishing a lien on the debtor's property. After determining the condominium association's lien was not a preferential transfer under Massachusetts law, the court concluded the condominium association through its commencement of a suit against the debtor to recover common expenses did not violate the automatic stay and should not be found in contempt. Without any analysis of the Bankruptcy Code's definitions of "debt" and "claim", the *Stern* court concluded recovery of common expenses accruing after the commencement of the debtor's Chapter 7 case was not subject to the automatic stay.

Focusing on when the condominium association obtained its right to receive payment, the court in *Horton v. Beaumont Place Homeowners Assn., Inc.*, 87 B.R. 650 (Bankr.D.Colo.1987) concluded that post-petition monthly assessments were not a claim until each monthly installment became due. Debtors took title to their condominium unit with record and actual notice of the association's CC & R's and did not abandon the condominium. Because the debtors retained the benefits of property ownership, the *Horton* court concluded they should bear the burdens; specifically, liability for post-petition assessments.

By failing to address when the debt arose, the *Stern* and *Horton* courts failed to resolve the key bankruptcy question underlying this controversy. Debtors contend their obligation to pay common area expenses arose when they acquired title to the condominium and this pre-petition obligation was discharged when they received their discharge on April 28, 1989.

The Seventh Circuit recently addressed this issue in *In re Rosteck*, 899 F.2d 694 (7th Cir.1990), a case having facts similar to the present dispute. The debtors filed their Chapter 7 petition in September 1983, and received a discharge in December, 1983. Meanwhile, they continued to own a condominium unit until the first mortgage holder obtained a judgment of foreclosure in November 1984. In May 1986, the debtors' homeowners association obtained a deficiency judgment against them for the amount of the post-petition assessments. Subsequently, the bankruptcy court agreed with the debtors' contention that the association's collection efforts violated the court's discharge injunction.

---

**2.** Recently, the Seventh Circuit, and several bankruptcy courts have resolved against condominium associations in cases presenting the similar issue. See *In re Rosteck*, 899 F.2d 694 (7th Cir.1990); *Behrens v. Woodhaven Ass'n.*, 87 B.R. 971 (Bankr.N.D.Ill.1988); *In re Turner*, 101 B.R. 751 (Bankr.D.Utah 1989); *In re Montoya*, 95 B.R. 511 (Bankr.S.D.Ohio 1988). Contrary to these decisions are cases from other districts holding in favor of the condominium associations. See *Horton v. Beaumont Place Homeowners Ass'n, Inc.*, 87 B.R. 650 (Bankr.D.Colo. 1987); *Stern v. Munroe*, 44 B.R. 15 (Bankr.D. Mass.1984); *Alexandria Knolls West Condomin-*

*ium Homes Council of Co–Owners v. Strelsky*, 46 B.R. 178 (Bankr.E.D.Va.1985).

**3.** California Civil Code § 1367 states:

(a) A regular or special assessment and any late charges, reasonable costs of collection, and interest, as assessed in accordance with Section 1366, shall be the debt of the owner of the separate interest at the time the assessment or other sums are levied.

North Park has failed to state when the assessment was levied. However, the court will presume the assessment was levied between June 1, 1989 and June 20, 1989.

While the Seventh Circuit in *Rosteck* agreed with the *Stern* court's statement that debts arising after commencement of a bankruptcy case are not discharged, they observed that the central question to be resolved was when the debt arose. *Id.* at 696. Focusing on the broad language of the Bankruptcy Code, the *Rosteck* court concluded the debt for future condominium assessments existed when the debtors filed their bankruptcy petition. *Id.* When the Bankruptcy Court issued its discharge order the unmatured, contingent condominium assessment was discharged. *Id.* This Court agrees with the reasoning and holding of the *Rosteck* court.

The debtors obtained a discharge under Chapter 7 which relieved them from all debts which arose prior to the petition date. *See* 11 U.S.C. § 727(b). To determine whether North Park's condominium assessments are pre-petition debts which are discharged, the definitions of "debt" and "claim" need to be examined.

The Bankruptcy Code defines a debt as "liability on a claim." 11 U.S.C. § 101(11). A claim is defined, in part, as "the right to payment, whether ... such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(4)(A). As is obvious from these definitions, both terms are intended by Congress to be given the broadest possible interpretations. *Ohio v. Kovacs,* 469 U.S. 274, 279, 105 S.Ct. 705, 707, 83 L.Ed.2d 649 (1985); *Danning v. Bozek,* 836 F.2d 1214, 1218 (9th Cir.1988); *Christian Life Center v. Silva,* 821 F.2d 1370, 1375 (9th Cir.1987).

■ Debtors signed the CC & R's pre-petition and agreed to be liable for any future assessments. Because the Cohens' liability for the unmatured, contingent homeowner's assessments existed when they filed their chapter 7 petition, the obligation falls within the category of their pre-petition debts. *Behrens,* 87 B.R. at 975. Debtors' § 727(b) discharge relieved them of their pre-petition debts, including the homeowner's assessment which was levied post-petition. The date on which the homeowner's association levied its assessments is irrelevant for determining when the debt arose. This date is merely when the Cohen's contingent liability matured. *Rosteck,* 899 F.2d at 696–97. As such, the judgment which was obtained by North Park against the Cohens violates the discharge injunction of 11 U.S.C. § 524.

While the result of this opinion is to discharge these debtors from their obligations under North Park's CC & R's, condominium and homeowners' associations are not without adequate remedies in the future. First, the associations may seek to have the trustee of the estate reaffirm the obligation. If the debt is reaffirmed, assessments levied for the period of time during which debtors are in bankruptcy may be granted administrative priority. *See Hill v. Windward Hills Condominium Assn.,* 100 B.R. 907, 909 (Bankr.N.D. Ohio 1989).

If the trustee declines to reaffirm the debt and subsequently abandons the property to the debtor, the associations may seek to have the debtors reaffirm the debt. Additionally, the homeowners associations may seek relief from stay in order to attach liens against the property for the amount of the unpaid assessments. If the liens are not paid, the homeowners' associations may foreclose on their liens. *See In re Stern,* 44 B.R. at 17–19.

Depending on the types of services being provided to the property by the associations, they may seek adequate assurance of payment pursuant to 11 U.S.C. § 366(b).[4] *See Hobbs v. Summit House Condominiums,* 20 B.R. 488, 489 (Bankr.E.D.Pa.1982) (The court held that a homeowners' association which supplies "monopolistic" services such as electricity to its members should be governed by 11 U.S.C. § 366). While the discharge provisions serve to allow the debtors a fresh start, the associations are not without these protective avenues suggested by the court.

---

4. The record in the instant case is devoid of what types of services are being provided in exchange for the payment of homeowner's assessments.

This court orders that the judgment in favor of North Park entered in San Diego Municipal Court against the debtors personally is null and void as a judgment on a discharged debt. Furthermore, this court finds that North Park violated the discharge injunction of 11 U.S.C. § 524. North Park is ordered to discontinue its efforts to personally collect the condominium assessments from the debtors.

As to North Park's counter-motion for attorney fees pursuant to B.R. 9011, this court does not believe sanctions are warranted. As is clear from this Opinion, legal authority exists to support both parties' positions, and the debtors' position is warranted as a good faith extension of existing law.

\* \* \*

Counsel for debtors is directed to prepare an order in conformance with this Memorandum Decision within ten (10) days from the date of its entry.