Roger Hartley, Clearwater, Fla., and Gordon L. Kiester, Tampa, Fla., for movant.

**In the Matter of Dennis James WASP and Anne Marie Wasp, Debtors.**

**Bankruptcy No. 91–2091–8B7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 18, 1992.

ORDER GRANTING DEBTORS' AMENDED MOTION FOR CONTEMPT AND SANCTIONS FOR VIOLATION OF DISCHARGE ORDER BY WOODFIELD COMMUNITY ASSOCIATION, INC.

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon Debtors' Amended Motion for Contempt and Sanctions for Violation of Discharge Order by Woodfield Community Association, Inc. The Court, having heard the argument of counsel and having reviewed

the Motion, the record, and the lists of authorities submitted by counsel, finds as follows:

In 1989, Debtors purchased real property in Tarpon Springs, Florida, and executed a promissory note and mortgage securing the note. In 1990, Debtors defaulted on the note, and the mortgagee brought a foreclosure action in state court.

On February 20, 1991, Debtors filed a joint, voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C.). Their petition reflected Debtors resided in Port Richey, Florida; and their schedules listed Woodfield Assoc. as a creditor having an unsecured claim without priority (Schedule A–3). On their Statement of Intention filed March 21, 1991, Debtors stated their intention to surrender the Tarpon Springs property. Woodfield Community Association, Inc. (the Association), a homeowners association covering the area within which the Tarpon Springs property is located, never sought relief from the automatic stay, nor did it object to Debtors' discharge or seek an exception to discharge for any unpaid Association fees.

On July 17, 1991, Debtors were granted a discharge. Despite Debtors' discharge, the Association is maintaining a state court action against Debtors for unpaid post-petition Association fees on the Tarpon Springs property.

The sole issue for consideration is whether Debtors' discharge relieved them of the personal obligation to pay post-petition Association fees. The Court holds Debtors' discharge did, indeed, relieve them of personal liability for the payment of post-petition Association fees.

Unless excepted from discharge, a debt that arose prepetition is discharged. 11 U.S.C. § 727(b). A "debt" is "liability on a claim" (11 U.S.C. § 101(12)), and a "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured …" (11 U.S.C. § 101(5)(A)). Under these broad definitions, Debtors had a debt for future Association fees when they filed their bankruptcy petition. See In re Rosteck, 899 F.2d 694 (7th Cir.1990); In re Elias, 98 B.R. 332 (N.D.Ill.1989); Behrens v. Woodhaven Ass'n, Nos. 88–C–8855 and 83–B–4896, 1989 WL 47409, 1989 U.S. Dist. LEXIS 2298 (E.D.Ill. Mar. 7, 1989); Cohen v. North Park Parkside Community Ass'n (In re Cohen), 122 B.R. 755 (Bankr.S.D.Cal. 1991).

Debtors and the Association have each cited numerous cases going both ways on whether condominium or homeowners association fees assessed post-petition violate the Chapter 7 discharge order. See, e.g., In re Raymond, 129 B.R. 354 (Bankr. S.D.N.Y.1991); In re Miller, 125 B.R. 441 (Bankr.W.D.Pa.1991); In re Turner, 101 B.R. 751 (Bankr.D. Utah 1989); In re Ryan, 100 B.R. 411 (Bankr.N.D.Ill.1989); Rink v. Timbers Homeowners Ass'n, 87 B.R. 653 (Bankr.D.Colo.1987); Horton v. Beaumont Place Homeowners Ass'n (In re Horton), 87 B.R. 650 (Bankr.D.Colo. 1987); Alexandria Knolls West Condominium Homes Council of Co–Owners v. Strelsky (In re Strelsky), 46 B.R. 178 (Bankr.E.D.Va.1985). All of these cases attribute importance to factors which this Court considers irrelevant. This Court's decision turns on when Debtors' debt to the Association arose, not on whether Debtors had vacated the premises pre-petition, whether the property was the subject of a foreclosure action pre-petition, or whether Debtors were receiving any benefits of ownership post-petition.

The Association urges that Debtors' personal obligation to pay the Association fees is a series of post-petition contracts, a separate contract arising anew at the time each monthly fee assessment accrues. There is no support for this position. Debtors became contractually obligated to pay Association fees pre-petition. Any Association fees coming due after Debtors' filing of their bankruptcy petition were no more than unmatured portions of their original liability to the Association. See In re Rosteck, 85 B.R. 73 (Bankr.N.D.Ill.1988), aff'd, 99 B.R. 400 (N.D.Ill.1989), aff'd, 899 F.2d 694 (7th Cir.1990). Consequently, Debtors' in personam liability for the Association

fees was extinguished on the receipt of their discharge.[1]

The Association's position is analogous to that of a mortgage holder. A discharge extinguishes the debtor's personal liability on the promissory note, but the lien on the property survives the bankruptcy. In this case, Debtors' personal liability for any Association fees has been extinguished, but any lien for the unpaid Association fees which attached to the property would survive the bankruptcy.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the state court action brought by the Association against Debtors for unpaid post-petition Association fees violates Section 524(a)(2) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that Debtors' Amended Motion for Contempt and Sanctions for Violation of Discharge Order by Woodfield Community Association, Inc., is granted. It is further

ORDERED, ADJUDGED AND DECREED that the Association shall reimburse Debtors for their attorney's fees and costs incurred in defending the state court action brought by the Association in its attempt to recover the unpaid post-petition Association fees and in seeking the instant relief from this Court. It is further

ORDERED, ADJUDGED AND DECREED that within 15 days of the entry of this Order, Debtors shall submit an application for attorney's fees and costs incurred in defending the state court action brought by the Association and in seeking the instant relief from this Court, along with an affidavit in support thereof. Upon the submission of an application and affidavit, the Court shall set the matter for hearing.

DONE AND ORDERED.

1. Any claim of the Association arose pre-petition. If the relationship between Debtors and the Association was an executory contract, it was not assumed within 60 days and was therefore rejected by operation of law. 11 U.S.C. § 365. Under this scenario, the claim of the Association remains pre-petition in nature.