**In re Raymond T. O'MARA and Margaret O'Mara, Debtors.**

**Bankruptcy No. 91–1544–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 19, 1992.

Dennis J. LeVine, Tampa, Fla., for debtors.

Steven H. Mezer, Clearwater, Fla., for Greens of Town N' Country.

V. John Brook, Jr., Trustee.

ORDER ON MOTION FOR CONTEMPT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a reopened Chapter 7 liquidation case, and the matter under consideration is a Motion For Contempt for an alleged wilful violation of the permanent injunction issued by this Court when the Debtors received their general discharge. The Motion is filed by Raymond T. and Margaret O'Mara (Debtors). The facts relevant to the relief sought by these Debtors are without dispute and can be summarized as follows:

The Debtors filed their voluntary Petition for Relief on February 7, 1991. On the schedule of secured debts, they scheduled The Greens of Town N' Country Condominium Association Inc. (The Greens) with appropriate address and stating an

outstanding obligation owed to The Greens in the amount of $915.00. It is without dispute that The Greens received the notice of the Meeting of Creditors which, inter alia, informed the creditors of the bar date to file complaints pursuant to §§ 523(c) and 727 of the Bankruptcy Code. No one challenged the Debtors' right to a discharge or the dischargeability of any particular obligation. On May 20, 1991, the Debtors received their general bankruptcy discharge. The record further reveals that on August 22, 1991, this Court entered a final decree and closed the administration of this Chapter 7 case.

It appears that notwithstanding the entry of the discharge, The Greens, which is a condominium association, filed a Complaint on September 9, 1991 in the Circuit Court in and for Hillsborough County Florida. In Count I of its Complaint, The Greens sought to foreclose a statutory lien granted to the condominium association for unpaid assessments pursuant to *Fla.Stat.* § 718.-166 (1987). In the prayer for relief clause, The Greens sought an Order directing an accounting, interest and costs, including reasonable attorneys fees, and expenses, and directing the Defendants to pay a fair rental and to foreclose its lien for the amount found to be due and owing. The claim in Count II however, sought a money judgment or damages for interest and costs, including reasonable attorney fees, from the Debtors. The exhibits attached to the Complaint, the Claim of Lien (B), states that the amount sought to be enforced is a condominium assessment fee of $124.44 for the months of June, 1990; July, 1990; September, 1990; and December, 1990, for a total of $622.00, plus accrued interest in the amount of $37.20 for a total of $659.20. In addition, The Greens also sought attorneys fees of $200.00, title search fee of $40.00, recording fee of $10.50, postage fee of $4.00, and photocopy fee of $2.00, for a total of $915.90.

It is without dispute and this Court is satisfied that the amount sought to be recovered is condominium assessments imposed on these Debtors for the amounts preceding the filing date of this Chapter 7 petition. Thus, the amount sought is clearly a pre-petition obligation properly scheduled and owed to a properly-noticed creditor, therefore, clearly within the overall protection of the general bankruptcy discharge granted to these Debtors on May 20, 1991. This being the case, there is hardly any doubt that the Complaint filed in the Circuit Court on September 9, 1991 in which they sought to impose a personal liability on these Debtors for a discharged pre-petition obligation was a violation of the permanent injunction granted by Paragraph 8 of the general bankruptcy discharge.

In defense of its position, The Greens contends that the obligation to pay condominium common charges is a covenant running with the land and a post-petition obligation to pay common charges, assessments, and late fees are not protected by general bankruptcy discharge. Therefore, any attempt to collect those did not violate the permanent injunction designed to protect the Debtors' right granted by the discharge. In support of this proposition, The Greens cites the case of *In re J. Raymond,* 129 B.R. 354 (Bankr.S.D.N.Y.1991); *In re Ryan,* 100 B.R. 411 (Bankr.N.D.Ill.1989); *In re Horton,* 87 B.R. 650 (Bankr.D.Colo. 1987) and *In re Harvey,* 88 B.R. 860 (Bankr.N.D.Ill.1988).

■ Careful review of these cases leaves no doubt that they are inapposite and the holdings are not controlling or persuasive, and the argument of counsel for The Greens misses the mark completely. For instance, the amount sought to be collected in *In re Raymond, supra,* involved post-petition obligations; that is, assessment made after the commencement of the case. This was also the case in *Ryan, Horton,* and *Harvey.* This Court is in full agreement with the proposition that individual debtors who filed a Petition for Relief under Chapter 7 of the Bankruptcy Code and who obtained discharge are not protected for any assessment made by the association post-petition. However, this Court is equally satisfied that there is no question that the personal obligations incurred by the individual debtors for unpaid assessment fees that accrued prior to the com-

mencement of the case were dischargeable personal obligations, and for this reason the permanent injunction would prohibit an association to pursue and attempt to impose personal liability on discharged debtors for unpaid pre-petition assessments.

This Court is in agreement with the holding of the Bankruptcy Court in the Southern District of California in the case of *In re Cohen,* 122 B.R. 755 (Bankr.S.D.Cal. 1991). In *Cohen,* the Court held that Federal Bankruptcy law, not State law, governs the issue of when the debt arises for purposes of determining dischargeability. While *Cohen* dealt with an assessment based on an obligation accrued post-petition, this Court does not agree with the conclusion that because the right to make the assessment stems from the pre-petition contract, the Debtors are relieved from the obligation based on the covenant in the Declaration of Condominium Article XVI, which authorizes the association to impose common expenses and assessments on all condominium owners and which further provides that the association shall have a lien on each condominium unit for any unpaid assessment and also impose a personal obligation on the unit owner to pay all unpaid assessments, interest, costs, and reasonable attorneys fees. The difficulty with the positions advanced by both counsel for The Greens and for the Debtors is that they basically deal with assessments made post-petition and clearly, as indicated earlier, this case involves an attempt to collect an obligation incurred by the Debtors for the months preceding the commencement of this Chapter 7 case. The obligation which The Greens seek to enforce is not an attempt to foreclose on a lien on property of the Debtors, but to impose an in personam liability for an unpaid monthly assessment accrued prior to the commencement of the case. Clearly, this personal obligation is within the scope of the overall protection accorded to individual debtors by the bankruptcy discharge.

From the foregoing, it follows that since The Greens were fully aware of the pendency of the Debtors' Chapter 7 case,

and that the Debtors did in fact receive their discharge, their actions to pursue the Debtors notwithstanding and their attempt to collect the discharged debt was obviously a clear violation of the permanent injunction granted to the Debtors as part of their bankruptcy discharge. Based on the foregoing, there is hardly any doubt therefore, that the Greens are guilty of civil contempt and it is appropriate to compensate the Debtors for their loss directly flowing from The Greens' violation of the permanent injunction.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that The Greens are guilty of civil contempt for their willful, knowing violation of the permanent injunction and it is further

ORDERED, ADJUDGED AND DECREED that the Debtors are entitled to be compensated for the damage caused by the violation and that The Greens shall pay to the Debtors within 30 days of the date of entry of this Order the sum of $500.00. It is further

ORDERED, ADJUDGED AND DECREED that in the event The Greens fail to comply and pay the amount awarded to the Debtors by this Order, the Debtors shall be entitled to receive a Final Judgment and awarded an additional fine against The Greens.

DONE AND ORDERED.