Dohoney, J.
This case arises over a dispute regarding condominium common area fees. Shadowbrook Condominium Trust (“plaintiff’) by its trustees brought this action to collect common area fees pursuant to c. 183A, §6 and c. 254, §§5 and 5A against Timothy and Karen O’Leary (“defendants”). Defendants are former unit owners who were discharged in bankruptcy. Plaintiff filed a motion for summary judgment and defendant filed an opposition. After hearing counsel for the parties and based on the parties’ written submissions, plaintiffs motion for summary judgment is ALLOWED.
BACKGROUND
The Shadowbrook Condominium was established by master deed dated August 10, 1982. In this action, the condominium is being represented by the duly elected Board of Trustees. Defendants owned unit #10-22 which they purchased in March, 1986. The first mortgage holder on the property was Springfield Institution for Savings (“Springfield”).
On or about September 11, 1992 defendants filed for bankruptcy protection pursuant to Chapter 7. Defendants were discharged on or about December 16, 1992. At the time of the filing, defendants listed on their petition that the condominium would be abandoned and surrendered to Springfield. However, defendants continued to reside in the unit until Springfield foreclosed on or about April 28, 1994. Pursuant to c. 183A, §6 and c. 254 §§5 and 5A, plaintiff is seeking common area fees from defendants from the date of discharge in bankruptcy until April 28, 1994, the day defendants moved out of the unit.
DISCUSSION
A. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso u. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where, “in essence there is no real dispute as to the salient facts or if only a question of law is involved," summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
B. Liability for Post-Discharge Common Area Fees
General Laws, c. 183A, §6 creates a lien in favor of the organization of unit owners of a condoninium for any common expense assessment levied against a unit. General Laws, c. 254, §5 permits enforcement of the lien established by c. 183A by a civil action in superior court. Defendants argue that the common area fees were discharged in bankruptcy. They assert that the obligation arose pre-petition, was discharged in bankruptcy, and that it is a violation of the bankruptcy code to attempt to collect pre-petition debts post-petition. Plaintiff asserts that defendants are liable for the common area fees because those fees were not discharged in bankruptcy. Plaintiff claims that the obligation to pay arose post-discharge and therefore defendants are personally liable for those amounts.
The essential question in this case is at what point in time the obligation to pay the common area fees arose. There appear to be two opinions on this issue. The majority view is that the obligation to pay arises at the time the unit owner purchases the unit. In re Turner, 101 B.R. 751, 753 (D. Utah 1989); In re Cohen, 122 B.R. 755, 758 (S.D. Cal. 1991). This means that the common area fees would be discharged in bankruptcy as a pre-petition debt. Massachusetts follows the minority view which holds that the obligation to pay arises at the moment the unit owner incurs the obligation. In re Stern, 44 B.R. 15, 19 (1984). In other words, the common area fees arise throughout the course of ownership as the benefit is conferred. In turn, this means that the obligation can arise post-petition and therefore not be discharged in bankruptcy.
*644 It is also interesting to note that in 1994 Congress amended the bankruptcy code to exclude from discharge any debt “for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor’s interest in a dwelling unit that has condominium ownership.” 11 U.S.C. §523(a)(16). While this amendment did not become effective so as to be applicable to the present case, it is certainly instructive as to Congress’ view of post-discharge common area fees.
In the case at bar, defendants continued to reside in their unit after the discharge in bankruptcy. More importantly, they were the beneficiaries of the services provided by the condominium association. The obligation to pay for those services arose each time the benefit was provided to them. Therefore, applying the Massachusetts/minority rule, any common area fees assessed against defendants after the discharge are now due to plaintiffs as those debts were not pre-petition debts discharged in bankruptcy.
ORDER
Based on the foregoing, plaintiffs motion for summary judgment is ALLOWED in the amount of $2,592.88 plus interest, attorneys fees in the amount of $1,000.00, and court costs in the amount of $439.77.