**In re David Owen CASE and Melissa Ann Case, Debtors.**

**Bankruptcy No. 87 B 11146 E.**

United States Bankruptcy Court, D. Colorado.

March 11, 1988.

Bryan A. Nix, Denver, Colo., for debtors.

Curt Todd, Haligman and Lottner, Englewood, Colo., for objector, First Jefferson Green Homeowner's Ass'n.

ORDER ON MOTION TO CONFIRM

CHARLES E. MATHESON, Chief Judge.

This Chapter 13 case was filed by the Debtors on September 18, 1987. It is the second case filed by these Debtors in 1987, they previously in May having filed a case which was dismissed.

The facts disclose that, at the time of the filing of the case, the Debtors owned and were in possession of a condominium unit located in Jefferson County, Colorado. The Chapter 13 plan was filed on October 2, 1987, and proposed to surrender the condominium unit to the lender holding the first deed of trust against the unit and to the Homeowners Association ("Association"). Such surrender, however, was to be subject "to Debtors' foreclosure rights pursuant to Colorado law." In other words, the Debtors proposed to "surrender," but to continue to enjoy the right of possession pending foreclosure and the right to redeem after foreclosure.

Pursuant to stipulation, the lender was granted relief from stay on November 25, 1987, and proceeded to commence foreclosure of its deed of trust on the condominium unit. The Debtors remained in possession of the property until December 12, 1987, and paid the assessments due the Association to that date. The redemption period did not expire until sometime in February 1988. Under Colorado law the Debtors, during the redemption period, remained the "owners" and had the right to enjoy the benefits of ownership including the right of possession, the right to sell the property and the right to redeem until the redemption period expired, at which time title "vested" in the holder of the certificate of purchase. C.R.S. § 38–39–110 (1987 Supp.). The vesting of title in the holder of the certificate of redemption was automatic at the expiration of the redemption period and the holder of the certificate of purchase thereupon became the record owner of the property.

In the Chapter 13 plan, in addition to proposing to surrender the property subject to the Debtors rights under the foreclosure laws, the Debtors also proposed to

reject the condominium declaration as an executory contract. The reason for this provision, as expressed by Debtors' counsel, is to enable the Debtors to terminate all obligations for assessments under the declaration, at least for the period after December 12, 1987, when the Debtors vacated the premises.

Condominium ownership in Colorado is expressly recognized and authorized by statute. The statute provides that ownership of a condominium is ownership of a "separate estate in an individual airspace unit of a multi-unit property, together with an undivided interest in common elements." C.R.S. § 38–33–102. This separate estate is "inseparable for any period of condominium ownership that is prescribed by the recorded declaration." *Id.* The condominium declaration, which creates and defines the relative interests of the owners, is declared to be a covenant running with the land binding upon the condominium owners mutually and their successors in interest. C.R.S. § 38–33–105.

In the instant case, the condominium declaration was recorded. The declaration provides that the property:

Shall be held, sold and conveyed, subject to the following easements, restrictions, covenants and conditions, all of which are for the purpose of enhancing and protecting the value, desirability and attractiveness of the real property. These easements, covenants, restrictions and conditions shall run with the real property and shall be binding upon all parties having or acquiring any right, title or interest in the described properties or any part thereof, and shall inure to the benefit of each owner thereof.

The Association was formed pursuant to the provisions of the condominium declaration and each owner of a condominium unit is to be a member. Each owner has the right to use the common areas of the condominium subject to the right of the Association to collect assessments. The owner is "deemed" to have agreed to pay the assessments and the assessments are to be a charge on the land, as well as a personal obligation of the owner. For purposes of the declaration, the owner is defined as the "record owner" of the property. The Association has the right to make assessments to provide funds for the care and maintenance of the common areas and the Association is to provide for the "recreation, health, safety and welfare of the residents" as well as to provide for the maintenance and upkeep of the common areas.

The Debtors argue that pursuant to the declaration the Debtors have an obligation to pay and the Association has an obligation to provide services on a continuing basis. Thus, it is asserted that the declaration constitutes an executory contract since there are mutual continuing obligations on both sides. *In re Harms,* 10 B.R. 817 (Bankr.D.Colo.1981). In support of their argument, the Debtors rely on the case of *In re Sombrero Reef Club, Inc.,* 18 B.R. 612 (Bankr.S.D.Fla.1982). The Debtors argument is not well taken and reliance on the *Sombrero* case is misplaced.

In *Sombrero,* the debtor was the owner of property and had sold time share interests in the property. Those time share contracts permitted the holders thereof to utilize the debtor's property in consideration for the payment of the purchase price of the time share, and the debtor remained obligated to provide ongoing services. No title passed to the time share purchasers and no deeds or transfers were executed. Thus, while the time share contracts gave the purchasers a right to use the property, they did not create an estate in property. The court in *Sombrero* found that the time share agreements were executory contracts and allowed the debtor to reject those contracts so that the debtor could sell the real property free and clear of any obligations to perform under those agreements.

The condominium declaration in this case has certain similar attributes. The Association is obligated to provide ongoing maintenance services and the Debtors are obligated to pay assessments. However, it is at that point that the similarity ends.

The condominium declaration creates and defines the Debtors' interests in the real property owned by them. The declaration

**104**

creates mutual obligations, but also creates mutual ownership interests among these Debtors and all others owning condominium units. The ownership interests of the Debtors are, as the statute provides, in an individual airspace unit, together with an undivided interest in common elements which ownership interests are "inseparable." C.R.S. § 38–33–102.

■ It is clear that a debtor cannot partially reject an executory contract. The contract must be rejected in its entirety or not at all. *In re Silver*, 26 B.R. 526 (Bankr.E.D.Penn.1983). If the Court is to consider the condominium declaration to be an executory contract and allow the Debtors to reject the same, such rejection would have the effect of terminating the declaration as to the Debtors' interests in the property. The Debtors, however, purport to continue to be the owner of a condominium unit post filing of this Chapter 13 case. However, rejection of the declaration would terminate the Debtors' rights to use the common areas or reap the benefits of common maintenance, while at the same time terminating their obligation to pay. An order of rejection in these circumstances would effect a severance of the ownership interests which the statute expressly prohibits. The real flaw in the Debtors' arguments comes from a recognition that if they reject, they must give up all benefits, including all ownership and all rights in the common areas. Here, although the Debtors vacated the property in December, they continued to be the owners with the right to sell the property or to redeem the same. They continued to have the benefit of the upkeep and maintenance on the property provided by the Association until the redemption period ran and title vested in the lender. The Debtors cannot enjoy the benefits of ownership in part.

The condominium declaration is a covenant which attaches to and runs with the land. While it creates contractual obligations, it inherently creates and defines ownership rights and obligations. As provided by the state law which governs the creation of such rights, the ownership interests in a condominium cannot be severed between the individual unit and the common areas. The Debtors cannot own their condominium unit and forego ownership and use of the common areas in which they own an undivided unit, subject to the terms of the declaration.

The Debtors are not without a remedy, or at least they were not at the time that the plan was filed. If the Debtors desired to end the continuing obligation to pay assessments, then they needed only to divest themselves of ownership by deeding the property to the lender. However, these Debtors elected not to do so. They had expressly proposed in their plan to retain ownership rights in the condominium unit pending foreclosure. Having done so, the Debtors and the Debtors' estate remain obligated to pay the condominium assessments until title to the unit passed.

Since the Court has determined that the Debtors cannot reject the condominium declaration as an executory contract, the plan as filed cannot be confirmed. The Debtors' motion to confirm is, therefore, denied. The Debtors are given twenty (20) days within which to file an amended plan or to dismiss or convert this case, failing which an order of dismissal will enter.