**In re Walter M. CHEATLE and Rachel Terry Cheatle, Debtors.**

**Bankruptcy Nos. 91–19170 PAC, 91–29369 RJB and 91–19170 PAC.**

United States Bankruptcy Court, D. Colorado.

Feb. 1, 1993.

Anne H. Pierson, Shaw, Spangler & Roth, Denver, CO for The Charter at Beaver Creek Condominium Association, Inc.

Harvey Sender, Denver CO, trustee.

## ORDER ON ADMINISTRATIVE EXPENSE CLAIM

PATRICIA A. CLARK, Bankruptcy Judge.

The matter before the Court is the application of the Charter at Beaver Creek Condominium Association, Inc. (Charter) for payment of condominium assessments as an administrative expense and the objection thereto filed by Harvey Sender, trustee (Trustee). A hearing was held on the motion and the parties have filed briefs.

The Court has jurisdiction pursuant to 28 U.S.C. § 157.

The relevant facts of this matter are as follows. Walter and Rachel Cheatle were co-owners of a condominium unit at the Charter. Walter Cheatle filed a petition in bankruptcy on July 9, 1991. Harvey Sender was appointed trustee of his estate. Rachel Cheatle filed a petition for relief on August 19, 1991. Andrea Berger was appointed trustee of her estate.

In late September of 1991, counsel for the Charter notified the Trustee that post-petition homeowners' assessments were continuing to accrue and asked for payment. Early in October the Trustee informed the Charter that he would sign a stipulation to abandon property if Charter's counsel prepared it.

In October Charter's counsel advised Andrea Berger of the post-petition home-owners' assessments and of Mr. Sender's agreement to sign a stipulation to abandon the property. The Charter asked if Ms. Berger would also stipulate for abandonment. Ms. Berger allegedly responded in December of 1991 consenting to abandonment. The stipulations were sent to the trustees for signature in late December and then filed with the Court. The stipulations were approved by Court order on February 3, 1992.

The Trustee consented, prior to the 1991 ski season, for the Charter to place the property in the rental pool and to use the proceeds to either pay the lenders or the Charter as appropriate.

On January 16, 1992, the two Cheatle cases were jointly administered with Mr. Sender as trustee for both cases.

On August 19, 1992, the Charter filed the subject request for payment of homeowners' assessments from July 7, 1991 to February 3, 1992. There are $8,396.02 in unpaid assessments for that period.

The Charter requests that the assessments be declared administrative expenses. It asserts that the estate owns the property from the date of filing of the bankruptcy until abandonment and is responsible for necessary costs and expenses to maintain the property. The Charter contends that the estate is liable for the post-petition assessments until it is no longer the owner of the unit. *See In re Lenz*, 90 B.R. 458 (Bankr.D.Colo.1988); *Rink v. Timbers Homeowners Asso. I, Inc. (In re Rink)*, 87 B.R. 653 (Bankr.D.Colo.1987). The Charter argues that it is the Trustee's responsibility to abandon property which does not benefit the estate.

The Trustee maintains that he always indicated an intention to abandon the property. He relies upon the Section 341 Notice which states, "The Trustee may announce an intention to abandon property of the estate having a total value less than $2500." The Trustee alleges that at the meeting of creditors he announced his intent to abandon the condominium unit. He later stipulated to relief from stay for a foreclosure. He asserts that the Charter has known at all relevant times that the estate asserted no interest in the condominium unit. The Trustee argues that since he never asserted ownership in the unit, any benefit accrued to the mortgage holder rather than the estate. *In re Miller*, 125 B.R. 441 (Bankr.W.D.Pa.1991). In the alternative, the Trustee contends that the association fees were neither actual nor necessary to preserve the estate.

There are two questions before the Court. The first is whether the Trustee's alleged oral abandonment of the subject property was effective. If the answer is no, the next question is whether the assessments are administrative expenses.

■ The statutory provision for abandonment is 11 U.S.C. § 554. Section 554 provides:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

The corresponding rule is Fed.R.Bankr.P. 6007. The relevant portion of the Rule 6007 states:

(a) Notice of proposed Abandonment or Disposition; Objections. Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to all creditors, indenture trustees and committees appointed or elected pursuant to the Code. An objection may be filed and served by a party in interest within 15 days of the mailing of the notice, or within the time fixed by the Court.

The Court finds that the Trustee's reliance on the Section 341 notice and his alleged oral abandonment at the 341 meeting does not satisfy the requirements of the Code and Rule on abandonment. First, the Section 341 notice allows for the aban-

donment of property having a total value of less than $2,500. The Trustee contends that because the property did not have a *net* value to the estate of greater than $2,500 the notice permitted the property to be orally abandoned. The Trustee has misread the plain language of the Section 341 notice. Clearly, the Beaver Creek condominium had a gross value of more than $2,500 and could not be abandoned by oral declaration. The $2,500 figure is included in the Section 341 notice for administrative convenience. It appears to have been derived from Fed.R.Bankr.P. 6004 which discusses general notice of the sale of property with an aggregate gross value of less than $2,500. The general notice in the Section 341 notice does not satisfy the notice and a hearing requirement of Section 554 for property with a gross value of over $2,500.

Thus, the Court concludes that the Trustee's alleged oral abandonment was not effective as to the estate of Mr. Cheatle's interest in the condominium. As for the estate of Mrs. Cheatle, there is no assertion that there was an attempt to orally abandon the property at the Section 341 meeting.

Section 554(a) provides that the trustee *may* abandon property of the estate that is burdensome to the estate. It does not require the trustee to do so. Unquestionably, the Trustee should expeditiously request the abandonment of property which does not benefit the estate. However, if the Trustee fails to do so, the Charter can, if it wishes, file its own motion for abandonment or a motion for relief from the automatic stay to foreclose upon its statutory lien for unpaid assessments. In this case, no such motion was filed by the Charter.

■ The next issue is whether the Charter is entitled to an administrative expense for the condominium assessments which were unpaid while the condominium was property of the estate. The Charter claims an administrative expense priority pursuant to Section 503(a) and (b) of the Bankruptcy Code. Section 503(b) provides for an administrative expense allowance for

"the actual, necessary cost and expenses of preserving the estate...."

■ There are several approaches to resolve this issue which are discussed in detail in *In re Moore*, 109 B.R. 777 (Bankr. E.D.Tenn.1989). The first approach is the award of an administrative expense premised simply upon the trustee's possession of the property. *Id.* at 780, citing *In re Fred Sanders Co.*, 22 B.R. 902 (Bankr. E.D.Mich.1982). The mere holding of property, such as leased trucks, by the trustee during the pendency of the case entitles the creditor (lessor) to an administrative claim based upon the reasonable value of the property, rather than the actual use.

■ The second approach is the award of an administrative expense premised upon the benefit to the trustee or debtor-in-possession. *In re Moore*, 109 B.R. at 780–781. There the inquiry is the benefit received by the trustee to prevent unjust enrichment of the debtor's estate. *See generally, United Trucking Service, Inc. v. Trailer Rental Co., Inc. (In re United Trucking, Inc.)*, 851 F.2d 159 (6th Cir.1988).

■ The third approach requires that the retained property benefit the estate for there to be an allowable administrative expense. *See generally, Moore* 109 B.R. at 781–82. There must be an actual, concrete benefit to the estate for costs necessary to its preservation.

■ Finally, there is the line of authority which looks at whether the creditor provided the services out of self-interest. If the creditor incurred expenses while acting substantially in its own interest, it was not entitled to a priority administrative expense claim.

After reviewing the options, the court in *Moore* found that the only appropriate approaches in the case before it were the third and fourth ones. The court denied the property owners' association request for the payment of annual assessments as an administrative expense on two grounds. The first was because the association failed to show that the charges conferred some actual benefit to the debtor's estate. The

second reason for denial was that the association's primary motive for providing its services was a consequence of its contractual obligations with all of the property owners in the subdivision and not merely because of its contract with the debtor. *Id.* at 784.

In addition to the *Moore* case, the Court has reviewed the authorities cited by the parties. The Court finds those cases to be inapposite or subsumed in the approaches outlined in *Moore.* The cases cited from this jurisdiction appear to follow the first approach holding the estate responsible for post-petition assessments until the property is abandoned, sold or otherwise transferred. *See Rink v. Timbers Homeowners Asso. I, Inc. (In re Rink),* 87 B.R. 653 (Bankr.D.Colo.1987): *In re Lenz,* 90 B.R. 458 (Bankr.D.Colo.1988); *In re Case,* 91 B.R. 102 (Bankr.D.Colo.1988). It is noteworthy that in both *Lenz* and *Case* the debtors were attempting to reorganize and retained possession of the property. Consequently, the facts in *Lenz* and *Case* are distinguishable from the subject case. Regardless, this Court does not adhere to the rationale that a priority administrative expense can be premised upon the trustee's mere possession of the property.

■ This Court finds that, as a preliminary matter, the claims for an allowance of an administrative expense priority should be narrowly construed. This premise preserves the presumption that the debtor has limited resources to be equally distributed among his creditors and that only those creditors that perform services that are actual and necessary to preserve the bankrupt estate or enable it to maintain its business should be given an administrative priority. *See generally, In re CIS Corp.,* 142 B.R. 640 (S.D.N.Y.1992) (discussing when an administrative expense priority is appropriate for property retained by a Chapter 11 debtor's estate under an unassumed lease). Thus, the examination focuses on the actual benefit conferred upon the estate, not the loss sustained by such creditors. *Id.* at 642.

In the instant case, the Court concurs with the third approach in *Moore,* and finds

that the Charter has failed to demonstrate an actual benefit was conferred upon the estate. The other creditors of this estate should not be burdened by expenses that did not provide a benefit to the estate. Accordingly, it is

ORDERED that the motion for an administrative expense claim is denied.